IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KENNY PASSMORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 124-140 |
| ) | |
| THE STATE OF GEORGIA; DANIEL J. ) | |
| CRAIG; HUGH M. HADDEN; CLAYTON ) | |
| L. JOLLY, III; and AUGUSTA JUDICIAL ) | |
| CIRCUIT DISTRICT ATTORNEY ) | |
| OFFICE ET. AL., ) | |
| ) | |
| Respondents.[1] ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Hancock State Prison, ostensibly brings this action pursuant to 42 U.S.C. § 1983. Although filed as a civil rights action, the Court may look beyond the title of a document to properly analyze its substance. See, e.g., Viera v. Fla. Dep't of Corr., 817 F. App'x 810, 813 (11th Cir. 2020) (*per curiam*) (affirming district court treating filing titled as request for relief under Rule 60 as impermissible second or successive § 2254 petition); see also Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (explaining court must consider whether judgment in plaintiff's favor would necessarily imply invalidity of conviction or sentence when determining whether claim cognizable under § 1983); Barwick v. Governor of

---

[1] For the reasons discussed herein, the Court **DIRECTS** the **CLERK** to update the docket to reflect the parties as Petitioner and Respondents and to reflect the nature of the case as a habeas corpus case rather than a prisoner civil rights case. Because the petition should be dismissed for the reasons discussed herein, the Court need not determine at this time who the proper Respondent should be.

Fla., 66 F.4th 896, 901 (11th Cir. 2023) (*per curiam*) (examining substance of requested relief to determine whether case properly brought under § 1983 or habeas statute).  As described below, the substance of Plaintiff's "complaint" is a request for habeas corpus relief pursuant to 28 U.S.C. § 2254, and the case is subject to initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Because Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, and that this civil action be **CLOSED**.

## I.     BACKGROUND

Petitioner attempts to challenge his 1997 convictions in the Superior Court of Richmond County, Georgia, for murder and possession of a firearm during the commission of a crime.  Petitioner's "complaint" consists of allegations against "Defendants" who conspired to wrongly convict him of charges brought by a faulty indictment in a court lacking jurisdiction.  (See generally doc. no. 1.)  His exhibits consist of documentation from his underlying criminal proceedings.  (See id. at 12-15.)  Petitioner requests declaratory and injunctive relief and asks the Court to discharge the judgment, conviction, and sentence of life imprisonment entered against him.  (Id. at 9-10.)

Petitioner previously filed a habeas corpus petition in this Court.[2]  In 2006, United States District Judge Dudley H. Bowen dismissed Petitioner's previous habeas corpus petition, which challenged the same 1997 conviction as the instant "complaint."  Passmore v. Head, CV 105-010, doc. no. 13 (S.D. Ga. Feb. 27, 2006).  Petitioner does not allege he has

---

[2] A court may take judicial notice of its own records.  United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

since requested or received authorization to file a successive petition from the Eleventh Circuit Court of Appeals.

**II.     DISCUSSION**

    **A.     Petitioner Has Filed a Second or Successive Petition Without First Obtaining Authorization from the Eleventh Circuit Court of Appeals**

Because Petitioner filed a prior application for a federal writ of habeas corpus, and there has been no new judgment intervening since the first federal application, the current application is successive. See Osbourne v. Sec'y, Fla. Dep't of Corr., 968 F.3d 1261, 1267 (11th Cir. 2020). The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider Petitioner's claims. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the

district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564 (affirming dismissal of claims as successive because the petitioner did not first file an application with the Eleventh Circuit).

### B. Plaintiff Cannot Obtain Habeas Corpus Relief in a § 1983 Case

Petitioner's challenges to the manner in which his charges were indicted and tried sound in habeas corpus, but even if the Court were to analyze Petitioner's pleading solely by the § 1983 title he affixed to it, he is not entitled to the relief he requests.  A civil rights complaint seeking to challenge the "validity of any confinement or to particulars affecting its duration," would be subject to dismissal because such claims "are the province of habeas corpus."  Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*) (citation omitted); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983).  Stated otherwise, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement' . . . .  He must seek federal habeas corpus relief (or appropriate state relief) instead."  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).  Federal habeas corpus statutes and § 1983 "are mutually exclusive:  if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action."  Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Moreover, as set forth above, under Heck v. Humphrey, 512 U.S. 477 (1994), a prisoner may not proceed with a § 1983 claim for damages where success would necessarily imply the unlawfulness of the conviction or sentence.  Petitioner has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

4

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487.

In short, even if, for the sake of argument, the Court did not treat Petitioner's pleading as the habeas corpus petition it actually is, his claims challenging his 1997 convictions and request for immediate relief are not cognizable under § 1983.

### III.   CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.  Therefore, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of September, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA